

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| CARL OEDER & SONS SAND & GRAVEL CO., A DIVISION OF OEDER & SONS GARAGE INC., | : | CASE NO. C-1-01 826 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **NOTICE OF REMOVAL** |
| | : | |
| UNION TOWNSHIP, et al., | : | |
| | : | |
| Defendants. | : | |

1.      Union Township is one of the defendants in a civil action brought on November 16, 2001 in the Common Pleas Court of Warren County, Ohio. Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, Union Township removes this action to the United States District Court for the Southern District of Ohio, Western Division, which is the judicial district and division in which the action is pending.

2.      The grounds for removal of this action are:

a.      This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that it arises under the Constitution of the United States within the meaning of 28 U.S.C. § 1331.

b.      In particular, the Plaintiff seeks a declaration that Union Township Resolution No. 112000-01 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

1



c. The other bases for relief asserted by the Plaintiff in their action all arise out of the same set of facts and are part of the same case and controversy, so that this court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a). Therefore, this is an action over which this court would have had original jurisdiction had it been filed initially in this court, and removal to this court is proper under the provision of 28 U.S.C. § 1441(a).

3. This Notice of Removal is timely under § 1446(b) of Title 28 of the United States Code because the plaintiff's Complaint in this action was served on defendant Union Township on November 26, 2001. This Notice of Removal is filed within 30 days of receipt of the Plaintiff's Complaint and is timely filed under 28 U.S.C. § 1446(b).

4. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches to this notice and incorporates by reference copies of the following papers, which are all of the process, pleadings and orders served on it prior to its removal of this action.

a. Verified Complaint For Declaratory Judgment, Injunctive Relief, And Other Damages filed in the Common Pleas Court of Warren County, Ohio, Case No. 01 CV 58848 on November 16, 2001;

b. Civil Summons filed in the Common Pleas Court of Warren County, Ohio, Case No. 01 CV 58848 on November 16, 2001;

c. Application for Preliminary Injunction and Memorandum in Support filed in the Common Pleas Court of Warren County, Ohio, Case No. 01 CV 58848 on November 16, 2001;

b. Notice of Preliminary Injunction Hearing on December 4, 2001 filed in the Common Pleas Court of Warren County, Ohio, Case No. 01 CV 58848 on November 19, 2001.

Respectfully submitted,

Patrick K. Dunphy (0017827)
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio 45409
(937) 222-3000
Trial Attorney for Defendant, Union Township

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the parties by placing a copy in the ordinary U.S. Mail, this *3rd* day of December, 2001, addressed as follows:

> Brian P. Barger, Esq.
> Jack J. Brady, Esq.
> Patricia J. Kleeberger. Esq.
> BRADY, COYLE & SCHMIDT, LLP
> 4052 Holland Sylvania Road
> Toledo, Ohio 43623
> Trial Attorneys for Plaintiffs
>
> Steven G. LaForge, Esq.
> ISAAC, BRANT, LEDMAN & TEETOR
> The Midland Building
> 250 East Broad Street
> Columbus, Ohio 43215-3742
> Trial Attorney for Defendant,
> Thomas Arris, Warren County Sheriff

PATRICK K. DUNPHY

01 NOV 16 AM 9: 11

JAMES L. SPAETH
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF WARREN COUNTY, OHIO

| | | |
|---|---|---|
| **Carl Oeder & Sons Sand & Gravel Co.,** | * | Case No.    01 CV 58848 |
| **A Division of Oeder & Sons Garage** | | |
| **Incorporated** | * | Judge      **JUDGE FEDDERS** |
| 3980 Turtlecreek Road | | |
| Lebanon, Ohio 45036, | * | |
| | | **VERIFIED COMPLAINT FOR** |
| Plaintiff, | * | **DECLARATORY JUDGMENT,** |
| | | **INJUNCTIVE RELIEF, AND OTHER** |
| vs. | * | **DAMAGES** |
| | | |
| **Union Township** | * | |
| 285 East Pike Street | | Brian P. Barger (0018908) |
| South Lebanon, Ohio 45065, | * | Jack J. Brady (0010146) |
| | | Patricia J. Kleeberger (0070068) |
| and | * | **BRADY, COYLE & SCHMIDT, LLP** |
| | | 4052 Holland Sylvania Road |
| **Thomas Arris,** | * | Toledo, Ohio 43623 |
| **Warren County Sheriff** | | (419) 885-3000 (Phone) |
| 550 Justice Drive | * | (419) 885-1120 (Fax) |
| Lebanon, Ohio 45036, | | Attorneys for Plaintiff Carl Oeder & Sons |
| | * | Sand & Gravel Co., A Division of Oeder & |
| Defendants. | * | Sons Garage Incorporated |

Now comes Plaintiff, Carl Oeder & Sons Sand & Gravel Co., a Division of Oeder & Sons

Garage Incorporated, by and through their attorneys, the law offices of Brady, Coyle & Schmidt,

LLP, and for its Verified Complaint for Declaratory Judgment, Injunctive Relief, and Other Damages

states as follows:

1. Plaintiff's Complaint seeks a declaratory judgment, pursuant to R.C. 2721.01 *et seq.* and Rule 57 of the Ohio Rules of Civil Procedure, declaring that Union Township Resolution No. 112000-01 is unconstitutional, invalid, unenforceable, or otherwise defective. A certified copy of the Resolution is attached hereto as Exhibit "1." Pursuant to Rule 65 of the Ohio Rules of Civil Procedure, Plaintiff also seeks a preliminary injunction prohibiting enforcement of the Resolution until such declaratory judgment is issued and a permanent injunction effectuating the relief upon its issuance; and Plaintiff seeks money damages due to the enforcement of Resolution No. 112000-01 against Plaintiff.

2. Carl E. Oeder & Sons Sand & Gravel Co. ("Oeder") is a division of Oeder & Sons Garage Incorporated, an Ohio corporation, with its principle place of business at 3980 Turtlecreek Road, Lebanon, Ohio 45036, County of Warren, Ohio. Oeder is engaged in the business of mining and processing sand and gravel for construction purposes (hereinafter collectively referred to as "construction materials").

3. Defendant Union Township (hereinafter the "Township" ) is a political subdivision in Warren County, Ohio which is authorized by Title 5 of the Ohio Revised Code. The Township is not a limited home rule township as defined by Chapter 504 of the Ohio Revised Code.

4. Defendant Thomas Arris is the Sheriff of Warren County, Ohio and in this capacity he is charged with law enforcement in the Township.

## COMMON FACTUAL ALLEGATIONS

5. As part of its business, Plaintiff Oeder transports raw aggregate material mined from its sand and gravel pit known as "Miami View Estates, Inc.," ("Miami View") located in Union Township to its processing plant located at 3980 Turtlecreek Road, Lebanon, Ohio (the "Processing

2

Plant" or the "Plant").

6. The Processing Plant is located partially within the corporate limits of South Lebanon,

Warren County, Ohio and partially in adjoining Union Township, also in Warren County, Ohio.

7. The Plant processes raw aggregates into saleable construction products.

8. Transportation of material and product from Miami View to the Processing Plant is

conducted via trucks which fall within the weight prohibitions established by the Resolution.

9. The Resolution states in its entirety:

> BE IT RESOLVED by the Board of Trustees of Union Township,
> Warren County, Ohio, to prohibit vehicles weighing over 20,000 lbs
> from using Snook Road, Dry Run Road, or Lebanon Road according
> to section 4511.07I (*sic*)

10. In order to transport the raw aggregate material to the Processing Plant in an economical

manner, Oeder's trucks must travel on Snook Road, Dry Run Road, or Lebanon Road (herein after

the "Prohibited Roads").

## COUNT I
### (Declaratory Judgment: Due Process)

11. Plaintiff restates the allegations set forth in paragraphs 1 through 10 as though fully

restated herein.

12. Resolution 112000-01 violates the Due Process Clause of the Fourteenth Amendment

of the United States Constitution in that Union Township has no authority to enact such legislation

pursuant to section 4511.01(I) of the Ohio Revised Code. As such, its action adopting the Resolution

is arbitrary, capricious and unlawful, and therefore violates Plaintiff's right to due process.

13. The Resolution violates the Due Process Clause of Section 1 of Article I of the Ohio

Constitution in that it deprives Plaintiff of its substantive liberty interest in being able to freely travel

3

and engage in commerce.

14. Plaintiff contends that there exists an actual controversy set forth in this cause between the parties. Plaintiff has no adequate remedy at law and requests this Court issue a declaratory judgment declaring the Resolution unconstitutional as it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 1.

**COUNT II**
**(Declaratory Judgment: Unreasonable and Improper Regulation)**

15. Plaintiff restates the allegations set forth in paragraphs 1 through 14 as though fully restated herein.

16. Plaintiff contends that there exists an actual controversy set forth in this cause between the parties. Plaintiff has no adequate remedy at law and requests this Court issue a declaratory judgment declaring the Resolution to be illegal, improper, and invalid, that it is an abuse of the powers of Defendants and that the Township has exceeded the authority granted to it by the Ohio General Assembly.

**COUNT III**
**(Injunctive Relief)**

17. Plaintiff restates the allegations set forth in paragraphs 1 through 16 as though fully restated herein.

18. Because Plaintiff has no adequate remedy at law, Plaintiff is requesting that this Court preliminarily enjoin enforcement of Resolution No. 112000-01 until such declaratory judgment is issued, a permanent injunction to effectuate such relief upon its issuance, and money damages in an amount which is undetermined at the present time, but is expected to exceed fifty thousand dollars

4

($50,000). Plaintiff's Application for a Preliminary Injunction and supporting memorandum of law is appended hereto.

## COUNT IV
### (Declaratory Judgment: Equal Protection)

19. Plaintiff restates the allegations set forth in paragraphs 1 through 18 as though fully restated herein.

20. Resolution No. 112000-01 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that it sets out impermissible classifications.

21. Resolution No. 112000-01 violates the Equal Protection Clause of Section 2 of Article 1 of the Ohio Constitution in that it sets out impermissible classifications.

22. Plaintiff contends that there exists an actual controversy set forth in this cause between the parties. Plaintiff has no adequate remedy at law and requests the court to issue a declaratory judgment declaring Resolution No. 112000-01 unconstitutional as it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 2.

**WHEREFORE,** Plaintiff requests judgment against Defendants in the following manner:

    (A)    A declaration that Resolution No. 112000-01 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 1;

    (B)    A declaration that Resolution No. 112000-01 is invalid, illegal, improper and that it is an abuse of the powers of Defendants in that the Township has

5

exceeded the authority granted to it by the Ohio General Assembly.;

(C)     A declaration that Resolution No. 112000-01 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 2:

(D)     A preliminary and permanent injunction prohibiting enforcement of Resolution No. 112000-01;

(E)     Damages in whatever sum Plaintiff is found to be entitled;

(F)     Attorney fees and costs of suit; and

(G)     Such further and additional relief as the Court deems appropriate.


Respectfully submitted,

By _____
Brian P. Barger (0018908)

By _____
Jack J. Brady (0010146)

By _____
Patricia J. Kleeberger (0070068)
BRADY, COYLE & SCHMIDT, LLP
4052 Holland-Sylvania Road
Toledo, Ohio 43624
(419) 885-3000 (Phone)
(419) 885-1120 (Fax)
Attorneys for Plaintiff Carl Oeder & Sons
    Sand & Gravel Co., A Division of
    Oeder & Sons Garage Incorporated

CERTIFIED COPY
JAMES L. SPAETH, CLERK
WARREN COUNTY, OHIO
COMMON PLEAS COURT
BY Cathy Stephenson DEPUTY

6

**VERIFICATION**

STATE OF OHIO      )
                   ) SS:
COUNTY OF WARREN   )

David Oeder, Vice-President of Oeder & Sons Sand & Gravel, being first duly sworn, states

that he has read the foregoing Complaint for Declaratory Judgment, Injunctive Relief, and Other

Damages and states that all statements herein are true and correct to the best of his knowledge.

_____
David Oeder

Sworn to before me and subscribed in my presence, this 13 day of November, 2001.

_____
Notary Public
JEFF McCarty notary
my commision Expires 9/3/06

7

TRUSTEES
RUSSELL KILBURN
JOHN LOUALLEN
LIONEL LAWHORN

CLERK
SHARON LAWHORN

# Union Township Trustees

### 285 EAST PIKE STREET
### SOUTH LEBANON, OHIO 45065

```
RESOLUTION 112000-01
UNION TOWNSHIP
WARREN COUNTY, OHIO

BE IT RESOLVED by the Board of Trustees of Union Township,
Warren, County, Ohio, to prohibit vehicles weighing over 20,000
lbs from using Snook Road, Dry Run Road or Lebanon Road according
to section 4511.07I

Mr. Lawhorn made the motion and Mr. Louallen seconded.  A roll
call was taken which resulted in all "yeas".


Adopted this 20th day of November, 2000.

Signed: _____  "Yea"

        _____  "Yea"

        _____  "Yea"

Attest: _____  Clerk
```



**EXHIBIT**

**1**

S U M M O N S
Rule 4 Ohio Rules of Civil Procedure
Court of Common Pleas, Warren County, Lebanon, Ohio

CASE # 01CV58848

CARL OEDER & SONS SAND & GRAVEL CO
        VS
UNION TOWNSHIP, ET. AL.

**TO: The following named defendant:**

Defendant: UNION TOWNSHIP
            285 EAST PIKE STREET
            SOUTH LEBANON,OH 45065

You have been named as defendant in a complaint filed in
this court by the following plaintiff:

Plaintiff: CARL OEDER & SONS SAND & GRAVEL CO

You are hereby summoned and required to serve upon the
plaintiff's attorney, or upon the plaintiff if he has no
attorney of record, a copy of your answer to this complaint
within twenty-eight (28) days after the service of this
summons upon you, excluding the date of service. Your answer
must also be filed with our court within three days after the
service of a copy of the answer on the plaintiff's attorney.

Failure to appear and present a defense to this complaint
will result in a default judgment being rendered against you
for the relief demanded in the complaint.

Plaintiff's Attorney:
BRIAN P BARGER
ATTORNEY AT LAW
BRADY,COYLE & SCHMIDT
4052 HOLLAND-SYLVANIA RD
TOLEDO OH  43624

                        James L. Spaeth, Clerk of Courts
                        500 Justice Dr. / P.O. Box 238
                        Lebanon, OH  45036

                        By  *Cathy Stephenson*
                            Deputy Clerk

November 16, 2001

IF THE ABOVE NAMED DEFENDANT IS A CORPORATION PLEASE REFER
TO OHIO REVISED CODE 4705.01.

## IN THE COMMON PLEAS COURT OF WARREN COUNTY, OHIO

| | | |
|---|---|---|
| Carl Oeder & Sons Sand & Gravel Co., | * | Case No. |
| A Division of Oeder & Sons Garage | | |
| Incorporated | * | Judge |
| Plaintiff, | * | **APPLICATION FOR PRELIMINARY** |
| | | **INJUNCTION AND MEMORANDUM** |
| vs. | * | **IN SUPPORT** |
| Union Township, | * | Brian P. Barger (0018908) |
| | | Jack J. Brady (0010146) |
| and | * | Patricia J. Kleeberger (0070068) |
| | | **BRADY, COYLE & SCHMIDT, LLP** |
| Thomas Arris, | * | 4052 Holland Sylvania Road |
| Warren County Sheriff, | | Toledo, Ohio 43623 |
| | * | (419) 885-3000 (Phone) |
| Defendants. | | (419) 885-1120 (Fax) |
| | * | Attorneys for Plaintiff Carl Oeder & Sons |
| | | Sand & Gravel Co., A Division of Oeder & |
| | * | Sons Garage Incorporated |

Now comes Plaintiff, Carl Oeder & Sons Sand & Gravel Co, a Division of Oeder & Sons Garage Incorporated ("Oeder Company"), and respectfully moves this Court for a Preliminary Injunction pursuant to Rule 65 of the Ohio Rules of Civil Procedure against Defendants Union Township and Warren County Sheriff Thomas Arris.

Plaintiff Oeder applies for this Preliminary Injunction based upon the facts as set forth in (1) the Verified Complaint for Declaratory Judgment, Injunctive Relief, and Other Damages, which was

filed contemporaneously with this Application for Preliminary Injunction, (2) the affidavit of David Oeder filed with this Court, and (3) the arguments set forth in the Memorandum in Support below. For these reasons, Plaintiff Oeder is entitled to a preliminary injunction.

Further, as more fully set forth in Plaintiff's Memorandum in Support of Application for Preliminary Injunction, Plaintiff Oeder moves this court to issue the following orders:

A.   A Preliminary Injunction against Union Township and Sheriff Arris, and all entities and persons acting for or in concert or participation with them, prohibiting them from Enforcement of Union Township Resolution 112000-01;

B.   Setting a time and a date for a preliminary injunction hearing and/or trial on the merits and assessment of damages including costs and attorneys fees; and

C.   Following such hearing or trial, a permanent injunction prohibiting Union Township and Sheriff Arris, and all entities and persons acting for or in concert or participation with them, from enforcing Union Township Resolution No. 112000-01.

## MEMORANDUM IN SUPPORT
## OF APPLICATION FOR PRELIMINARY INJUNCTION

### I.   FACTUAL BACKGROUND

The facts of this case, as outlined in the Verified Complaint for Declaratory Judgment, Injunctive Relief, and Other Damages (hereinafter referred to as the "Complaint") and the Affidavit of David Oeder demonstrate that the Oeder Company is entitled to the injunctive relief sought.

2

As part of its business, Oeder transports raw aggregate material mined from its sand and gravel pit known as "Miami View Estates, Inc.," ("Miami View") located in Union Township to its processing plant located at 3980 Turtlecreek Road, Lebanon, Ohio (the "Processing Plant" or the "Plant"). *See*, Affidavit of David Oeder (hereinafter referred to as the "Oeder Affidavit"), attached hereto and incorporated herein, at paragraph 4. The Processing Plant is located partially within the corporate limits of South Lebanon, Ohio and partially in adjoining Union Township. *See*, Oeder Affidavit at paragraph 5. The Plant processes raw aggregates into saleable construction products. *See*, Oeder Affidavit at paragraph 6.

On November 20, 2000, the Board of Trustees of Union Township adopted Resolution 112000-01 (the "Resolution") which states in its entirety:

> BE IT RESOLVED by the Board of Trustees of Union Township, Warren County, Ohio, to prohibit vehicles weighing over 20,000 lbs from using Snook Road, Dry Run Road, or Lebanon Road according to section 4511.07I (*sic*)

(A copy of the Resolution is attached hereto as Exhibit "1.")

In order to transport the raw aggregate material to the Processing Plant in an economical manner, Oeder's trucks must travel on Snook Road, Dry Run Road, or Lebanon Road (herein after the "Prohibited Roads"). *See*, Oeder Affidavit at paragraphs 7 and 8. Transportation of material and product from Miami View to the Processing Plant is conducted via trucks which fall within the weight prohibitions established by the Resolution. *See*, Oeder Affidavit at paragraph 7.

## II. LAW AND ARGUMENT

### A. OEDER'S MOTION SATISFIES THE STANDARDS FOR OBTAINING A PRELIMINARY INJUNCTION.

This Court is vested with the power to enjoin defendants' wrongful acts, pursuant to Rule

3

65 of the Ohio Rules of Civil Procedure. In determining whether injunctive relief should be issued pursuant to Rule 65, Ohio courts have been guided by the following criteria:

(1)   Whether the plaintiff has shown a substantial likelihood of success on the merits;

(2)   Whether the plaintiff has shown irreparable harm if the relief sought is not granted;

(3)   Whether the issuance of injunctive relief would cause substantial harm to others; and

(4)   Whether the public interest would be served by issuing injunctive relief.

*See, Martin-Marietta Corp. v. Bendix Corp.* (6th Cir. 1982), 690 F.2d 558, 564; *Mason County Medical Ass'n v. Kneble* (6th Cir. 1977), 563 F.2d 256, 261; *Diamond v. Gentry Acquisition Corp.* (1988), 48 Ohio Misc. 2d 1, 531 N.E.2d 777, 778-79.

No single factor is dispositive, and a court may view each in light of the compelling circumstances of the case. *See, Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement* (1988), 688 F. Supp. 1245, 1248. Ohio courts routinely grant injunctive relief to preserve the subject matter of a lawsuit until it can be decided on its merits. *Consun Food Industries, Inc. v. Fowkes* (1991), 81 Ohio App.3d 63, 69, 610 N.E.2d 463. Application of these criteria and legal principles to the facts in this case establishes Oeder's entitlement to a preliminary injunction.

### 1.   There is a Strong and Substantial Likelihood that Oeder will Succeed on the Merits of this Case.

In the instant case, the Resolution passed by the Union Township Board of Trustees states that it is based on R.C. 4511.07(I). Section 4511.07 of the Ohio Revised Code states:

> Sections 4511.01 to 4511.78, 4511.99, and 4513.01 to 4513.37 of the Revised Code do not prevent local authorities from carrying out the

4

following activities with respect to streets and highways under their
jurisdiction and within the reasonable exercise of the police power:

***

(I)     Regulating the use of certain streets by vehicles,
        streetcars, or trackless trolleys.

R.C. 4511.07(I) (emphasis added).

In *Geauga County Board of Commissioners et al. v. Munn Road Sand & Gravel et al.*,[1] the

Ohio Supreme Court was presented with factual issues nearly identical to the case at bar. In *Munn*

*Road Sand & Gravel*, the Geauga County Commissioners adopted a resolution prohibiting truck

traffic on certain roads within Geauga County. Like the case at hand, the Geauga County Board of

Commissioners had based its resolution on R.C. 4511.07(I).

However, the court struck down the Geauga County resolution on the basis that the county

form of government enjoys no home rule or police power authority other than that expressly granted

to it by the legislature. *Munn Road Sand & Gravel*, at 582. *See also, State ex rel. Shriver v. Board*

*of Com'rs of Belmont County* (1947), 148 Ohio St. 277, 74 N.E.2d 248, paragraph two of the

syllabus; *Board of Com'rs of Portage County v. Gates* (1910), 83 Ohio St. 19, 93 N.E. 255, 259; *The*

*Commissioners of Lake County v. The Commissioners of Ashtabula County* (1873), 24 Ohio St. 393,

401.

In analyzing R.C. 4511.07(I), the Court stated the following:

> [W]e find that the "do not prevent" provision in the
> first paragraph of the statute obviously is phrased with
> regard to the powers which may be exercised by a
> municipality. A municipality may regulate in an area
> whenever the regulation is not in conflict with general
> laws. * * * R.C. 4511.07, by providing that local
> authorities are *not prevented* from enacting certain

---

[1]     (1993), 67 Ohio St.3d 579, 621 N.E.2d 696.

> regulations, is couched in terms of the conflict
> analysis of cases such as *Struthers* (citation omitted).
> The statute, by this language, takes a home rule
> approach, and is stated in home rule terms.

*Munn* at 583, relying on *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph one of the syllabus ("Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of Section 3, Article XVIII, of the Ohio Constitution, and derive no authority from, and are subject to no limitations of, the General Assembly, except that such ordiances shall not be in conflict with general laws.")

Accordingly, the court held that R.C. 4511.07 was not an express grant of authority by the legislature to non-home rule political subdivisions, such as counties, to regulate traffic. *Munn* at 586. Therefore, "[i]n the absence of specific statutory authority granting a county the power to ban through trucks on county roads" the court in *Munn Road Sand & Gravel* affirmed the decision of the Court of Appeals in striking down the resolution. *Munn* at 586.

In Ohio, townships, like counties, are creatures of statute lacking any inherent police or home rule powers. In *Board of Township Trustees of Bainbridge Township v. Funtime, Inc.,*[2] the Ohio Supreme struck down a township zoning resolution regulating the hours of operation of a business in the township. In doing so, the court, as it later did in *Munn, supra,* reiterated this well-established rule by stating:

> [T]his court clearly stated that whatever authority
> townships possess to enact local police power
> regulations is limited to that which is specifically
> conferred by statute.

*Board of Township Trustees of Bainbridge Township v. Funtime, Inc.* (1990), 55 Ohio St.3d 106,

---

[2]     (1990), 55 Ohio St.3d 106, 563 N.E.2d 717.

6

108, 563 N.E.2d 717, citing *Yorkovitz v. Bd. of Trustees of Columbia Township* (1957), 166 Ohio

St. 349, 142, N.E.2d 655.

The court's analysis and holding in *Munn, supra*, is equally applicable and controlling in the

case at hand. Union Township, like Geauga County, enjoys no inherent police powers; the

legislature has not expressly granted townships, or counties, the authority to regulate traffic pursuant

to R.C. 4511.07(I); and because the provision "do not prevent" found in R.C. 4511.07(I) is not an

express grant of authority, the Union Township Board of Trustees had no authority to adopt

Resolution No. 112000-01. As such, the Resolution is void and unenforceable.

### 2. Oeder Will Be Irreparably Harmed If the Injunction Is Not Granted.

It is beyond dispute that Oeder will suffer irreparable harm if the preliminary injunction is

not granted. Irreparable harm has been defined as follows:

> As ordinarily understood, an injury is irreparable,
> within the law of injunctions, where it is of such a
> character that if therein reasonable redress may not be
> had in a court of law, so that to refuse the injunction
> would be a denial of justice; where, in other words,
> from the nature of the act, or from the circumstances
> surrounding the person injured, or from the financial
> condition of the person committing it, it cannot be
> readily, adequately, and completely compensated for
> with money. To be irreparable, the injury need not be
> beyond the possibility of repair or beyond possible
> compensation in damages, nor need it be very great.
> The term "irreparable damage" does not have
> reference to the amount of damage caused, but rather
> to the difficulty of measuring the amount of damages
> inflicted. (Emphasis added.)

*Arthur Murray Dance Studios of Cleveland v. Witter* (1952), 62 Ohio Law Abs. 17, 42, 105 N.E.2d

685, 702.

7

In order for Oeder to economically transport material from its Miami View Plant to the Processing Plant, Oeder trucks must use the Prohibited Roads. Without the ability to utilize the Prohibited Roads, Oeder must transport its material back to its Processing Plant in a circuitous manner causing added expense, delay, and ultimately the inability to serve and retain certain customers. *See*, Oeder Affidavit at paragraphs 8, 9, 10, and 11.

Given the fluctuation in fuel prices, as well as other considerations such as increased maintenance and repair costs, it may be difficult to measure all of the damages incurred due to the Resolution. While Oeder may be able to identify and recover certain of its economic damages caused by the Resolution, such as the cost incurred by traveling the additional miles, Oeder will have difficulty measuring all of the damages inflicted due to the Resolution. This is so because of the bidding nature of construction projects.

At the present time, Oeder has lost certain accounts but cannot gauge the number of customers that may yet leave them, or the amount of business that will be lost in the bidding process due to the fact that it is prohibited from traveling on the Prohibited Roads.

Therefore, the imposition of the preliminary injunction requested by Oeder is absolutely necessary to protect Oeder's legitimate business interests.

### 3. No Substantial Harm to Defendants.

The threat of harm to Oeder clearly outweighs the harm that would result to Defendants should the injunction issue. Prior to the enactment of the Resolution, the Township had no regulation prohibiting the use of Township roads by trucks. Further, the Resolution contains no finding that the use of the Prohibited Roads has caused or will cause harm or damage to the Township. Similarly, the Resolution lacks any finding that the use of the Prohibited Roads poses

8

a safety concern to the general public. *See*, Minutes of the Union Township Meeting, dated November 20, 2000, attached hereto as "Exhibit 2."

As such, granting the preliminary injunction will cause no substantial harm to Union Township and should therefore be granted.

### 4. Public Interest.

The public interest is served by granting the relief sought. Had the legislature intended for Townships to possess the authority to enact legislation prohibiting the use of certain roads by members of the public it could have done so, particularly in light of the Supreme Court's holding in *Munn Road Sand & Gravel*, *supra*. The public policy of Ohio is well served by enjoining the Township from enforcing an illegal and unauthorized regulation. Given that the Resolution seeks to prohibit a fundamental right to travel, it is all the more important that the public's interest be protected. Accordingly, this Court should enjoin the enforcement of the Resolution.

### III. CONCLUSION

On the basis of the foregoing, it is clear that Oeder is entitled to a preliminary injunction against Defendants prohibiting them from enforcing Resolution No. 112000-01. The law, as stated in *Munn Road Sand & Gravel*, *supra*, is directly on point in this matter and convincingly demonstrates that the Resolution must be struck down. Only such relief will provide Oeder the protection to which it is entitled until this matter can be decided on its merits.

Accordingly, Oeder respectfully requests that this Court grant its Motion for Preliminary Injunction against Defendants and respectfully moves this court to issue the following orders:

A.  A Preliminary Injunction against Union Township and Sheriff Arris, and all entities and persons acting for or in concert or participation with them,

9

prohibiting them from Enforcement of Union Township Resolution 112000-01;

B.  Setting a time and a date for a preliminary injunction hearing and/or trial on the merits and assessment of damages including costs and attorneys fees; and

C.  Following such hearing or trial, a permanent injunction prohibiting Union Township and Sheriff Arris, and all entities and persons acting for or in concert or participation with them, from enforcing Union Township Resolution No. 112000-01.

Respectfully submitted,

**BRADY, COYLE & SCHMIDT, LLP**

By _____

Brian P. Barger (0018908)
Attorney for Plaintiff Carl Oeder & Sons Sand
& Gravel Co.

10

## IN THE COMMON PLEAS COURT OF WARREN COUNTY, OHIO

| | | |
|---|---|---|
| **Carl Oeder & Sons Sand & Gravel Co.,**<br>**A Division of Oeder & Sons Garage**<br>**Incorporated** | \* | Case No. |
| | \* | Judge |
| Plaintiff, | \* | **AFFIDAVIT OF DAVID OEDER** |
| vs. | \* | Brian P. Barger (0018908) |
| | | Jack J. Brady (0010146) |
| **Union Township** | \* | Patricia J. Kleeberger (0070068) |
| | | **BRADY, COYLE & SCHMIDT, LLP** |
| and | \* | 4052 Holland Sylvania Road |
| | | Toledo, Ohio 43623 |
| **Thomas Arris,** | \* | (419) 885-3000 (Phone) |
| **Warren County Sheriff** | | (419) 885-1120 (Fax) |
| | \* | Attorneys for Plaintiff Carl Oeder & Sons |
| Defendants. | | Sand & Gravel Co., A Division of Oeder & |
| | \* | Sons Garage Incorporated |

STATE OF OHIO        ')
                          ) ss
COUNTY OF WARREN    )

I, David Oeder, being first duly sworn, according to law, depose and state as follows:

1. I have personal knowledge of the facts contained in this Affidavit.

2. I am the Vice-President of Carl E. Oeder & Sons Sand & Gravel Co. ("Oeder & Sons")

located at 3980 Turtlecreek Road, Lebanon, Warren County, Ohio 45036.

3. Oeder & Sons is engaged in the business of mining and processing sand and gravel for construction material purposes (hereinafter collectively referred to as "construction materials").

4. As part of its business, Plaintiff Oeder & Sons transports raw aggregate material mined from its sand and gravel pit known as "Miami View Estates, Inc.," ("Miami View") located in Union Township to its processing plant located at 3980 Turtlecreek Road, Lebanon, Ohio (the "Processing Plant" or the "Plant").

5. The Processing Plant is located partially within the corporate limits of South Lebanon, Warren County, Ohio and partially in adjoining Union Township, also in Warren County, Ohio.

6. The Plant processes raw aggregates into saleable construction products.

7. Transportation of material and product from Miami View to the Processing Plant is conducted via trucks which fall within the weight prohibitions established by Union Township Resolution No. 112000-01 (the "Resolution").

8. Because the Resolution effectively prohibits Oeder & Sons from traveling on Snook, Dry Run and Lebanon Roads (the Prohibited Roads"), Oeder & Sons has had to use alternative routes of travel to transport its raw aggregate material to its Processing Plant.

9. The use of alternative roads and routes places additional costs and expenses on Oeder & Sons to transport its raw aggregate material.

10. In addition to the added costs and expenses incurred by traveling different routes, the Resolution places Oeder & Sons at a competitive disadvantage when quoting prices and servicing customers.

11. Further, the Resolution has significantly contributed to Oeder & Sons losing a large customer due to Oeder & Sons' inability to provide materials on a timely basis.

2

**FURTHER AFFIANT SAYETH NAUGHT.**

David Oeder

Sworn to before me and subscribed in my presence this $\underline{13}$ day of May, 2001.

Notary Public

JEFF MCCARTY NOTARY
COMMISSION EXPIRES 9/03/06

3

TRUSTEES
RUSSELL KILBURN
JOHN LOUALLEN
LIONEL LAWHORN

CLERK
SHARON LAWHORN

# Union Township Trustees
### 285 EAST PIKE STREET
### SOUTH LEBANON, OHIO 45065

```
RESOLUTION 112000-01
UNION TOWNSHIP
WARREN COUNTY, OHIO

BE IT RESOLVED by the Board of Trustees of Union Township,
Warren, County, Ohio, to prohibit vehicles weighing over 20,000
lbs from using Snook Road, Dry Run Road or Lebanon Road according
to section 4511.07I

Mr. Lawhorn made the motion and Mr. Louallen seconded.  A roll
call was taken which resulted in all "yeas".


Adopted this 20th day of November, 2000.
```

Signed: _____ _____"Yea"

_____ _____"Yea"

_____ _____"Yea"

Attest: _____ Clerk





EXHIBIT
1



Minutes of _____ Union Township Trustees _____ Meeting

Held _____ November 20, 2000 ___ 19___

The Trustees of Union Township met for the regular scheduled meeting on November 20, 2000. The meeting was called to order at 6:00 p.m. by the President of the Board, John Louallen. A roll call was taken with Trustee Lawhorn, Trustee Kilburn, Trustee Louallen and Clerk Lawhorn present. . Trustee Kilburn led the group in prayer. The pledge of allegiance was led by Trustee Louallen.

There were several residents from Dry Run Road, Snook Road and Lebanon Road present at this meeting. They came in response to a letter sent by Township Administrator Gary Arnold concerning discussion of prohibiting certain vehicles on Lebanon, Dry Run and Snook Roads.

After a discussion, Trustee Lawhorn made a motion prohibiting through vehicles over 20,000 lbs gross weight from using Snook Road, Dry Run Road or Lebanon Road. Trustee Louallen seconded the motion and a roll call resulted in all yeas. Resolution 112000-01

Township Administrator was directed to purchase signs to be posted on these roadways prohibiting through vehicles over 20,000 lbs.

Clerk Lawhorn presented the minutes from the regular meeting of November 6, 2000. The minutes were approved as written.

*corrected pvc. Louloen*

Chief Arnold ask that the new mower be ~~taken to ODOT and~~ changed from a 5' span to a 4' span.

Chief Arnold will contact Homer Hendrickson concerning the surveying to be done at Deerfield Cemetery.

The trustees, administrator, and clerk will be having a budget meeting on December 7th at 5:00 p.m.

Trustee Lawhorn presented a letter he had received from County Prosecutor, Tim Oliver asking that each jurisdiction make a contribution of $1.00 per resident to the Warren County Drug Task Force. This will be matched in funding by the Warren County Commissioners. Union Township's cost would be $2,552.00. Trustee Lawhorn made the motion, Trustee Louallen seconded the motion and a roll call resulted in all yeas. Resolution 112000-02

Trustee Lawhorn made a motion to adjourn and Trustee Kilburn seconded the motion.

Respectfully Submitted

_Chairman of the Board_

EXHIBIT
2

# COURT OF COMMON PLEAS

COURT HOUSE
500 JUSTICE DRIVE
LEBANON, OHIO 45036

**Civil/Criminal Assignment Commissioners**

| Beverly Campbell | Annette Gabbard |
|---|---|
| 513-695-1374 | 513-695-1678 |
| 513-420-4374 | 513-727-5678 |
| 937-425-1374 | 937-425-1678 |
| 513-925-1374 | 513-925-1678 |
| 937-783-4993 | 937-783-4993 |

Fax 513-695-2920

**Domestic Relations Assignment Commissioners**

| Gail Shaw | Pam Warner |
|---|---|
| 513-695-1347 | 513-695-1341 |
| 513-420-4347 | 513-420-4341 |
| 937-425-1347 | 937-425-1341 |
| 513-925-1347 | 513-925-1341 |
| 937-783-4993 | 937-783-4993 |

Fax 513-695-1884

November 19, 2001

UNION TOWNSHIP
285 EAST PIKE STREET

SOUTH LEBANON, OH 45065


Case No. 01CV58848


CARL OEDER & SONS SAND & GRAVEL CO                    ,Plaintiff


vs.


UNION TOWNSHIP                                        ,Defendant



You are hereby notified that the above case is scheduled before Judge Fedders for
a PRELIMINARY INJUNCTION HEARING on December 4, 2001 at 9:30 a.m. for two hours.




Yours Truly,
Beverly Campbell,
Warren County,
Court of Common Pleas

CC:
BRIAN P BARGER
THOMAS ARISS

&JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CARL OEDER & SONS SAND & GRAVEL CO., A
DIVISION OF OEDER & SONS GARAGE, INC.
3980 Turtlecreek Rd., Lebanon, OH 45036

**(b)** County of Residence of First Listed Plaintiff     __Warren__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

UNION TOWNSHIP     THOMAS ARRIS,
285 E. Pike St.     WARREN COUNTY SHERIFF
S. Lebanon, OH 45065     550 Justice Drive
    Lebanon, OH 45036

County of Residence of First Listed Defendant    __Warren__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian P. Barger/Jack J. Brady/Patricia J. Kleeberger
BRADY, COYLE & SCHMIDT, LLP
4052 Holland Sylvania Road
Toledo, Ohio 43623
(419) 885-3000; FAX: (419) 885-1120

Attorneys (If Known)
Patrick K. Dunphy     Steven G. LaForge
FALKE & DUNPHY LLC     ISAAC BRANT LEDMAN & TEETO
30 Wyoming Street     250 E. Broad St.
Dayton, OH 45409     Columbus, OH 43215
(937) 222-3000     (614) 221-2121

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- G 1 U.S. Government Plaintiff
- G 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- G 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | G 1 | G 1 | Incorporated or Principal Place of Business In This State | G 4 | G 4 |
| Citizen of Another State | G 2 | G 2 | Incorporated and Principal Place of Business In Another State | G 5 | G 5 |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane    G 362 Personal Injury— | G 620 Other Food & Drug | | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product    Med. Malpractice | G 625 Drug Related Seizure | G 423 Withdrawal | G 430 Banks and Banking |
| G 140 Negotiable Instrument | Liability    G 365 Personal Injury— | of Property 21 USC 881 | 28 USC 157 | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment | G 320 Assault, Libel &    Product Liability | G 630 Liquor Laws | | G 460 Deportation |
| & Enforcement of Judgment | Slander    G 368 Asbestos Personal | G 640 R.R. & Truck | **PROPERTY RIGHTS** | G 470 Racketeer Influenced and |
| G 151 Medicare Act | G 330 Federal Employers'    Injury Product | G 650 Airline Regs. | G 820 Copyrights | Corrupt Organizations |
| G 152 Recovery of Defaulted | Liability    Liability | G 660 Occupational | G 830 Patent | G 810 Selective Service |
| Student Loans | G 340 Marine    **PERSONAL PROPERTY** | Safety/Health | G 840 Trademark | G 850 Securities/Commodities/ |
| (Excl. Veterans) | G 345 Marine Product    G 370 Other Fraud | G 690 Other | | Exchange |
| G 153 Recovery of Overpayment | Liability    G 371 Truth in Lending | | | G 875 Customer Challenge |
| of Veteran's Benefits | G 350 Motor Vehicle    G 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| G 160 Stockholders' Suits | G 355 Motor Vehicle    Property Damage | G 710 Fair Labor Standards | G 861 HIA (1395ff) | G 891 Agricultural Acts |
| G 190 Other Contract | Product Liability    G 385 Property Damage | Act | G 862 Black Lung (923) | G 892 Economic Stabilization Act |
| G 195 Contract Product Liability | G 360 Other Personal Injury    Product Liability | G 720 Labor/Mgmt. Relations | G 863 DIWC/DIWW (405(g)) | G 893 Environmental Matters |
| | | | G 864 SSID Title XVI | G 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | G 730 Labor/Mgmt.Reporting | G 865 RSI (405(g)) | G 895 Freedom of |
| G 210 Land Condemnation | G 441 Voting    G 510 Motions to Vacate | & Disclosure Act | | Information Act |
| G 220 Foreclosure | G 442 Employment    Sentence | G 740 Railway Labor Act | **FEDERAL TAX SUITS** | G 900 Appeal of Fee Determination |
| G 230 Rent Lease & Ejectment | G 443 Housing/    Habeas Corpus: | | G 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| G 240 Torts to Land | Accommodations    G 530 General | G 790 Other Labor Litigation | or Defendant) | Justice |
| G 245 Tort Product Liability | G 444 Welfare    G 535 Death Penalty | | G 871 IRS—Third Party | G 950 Constitutionality of |
| G 290 All Other Real Property | ☒ 440 Other Civil Rights    G 540 Mandamus & Other | G 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | G 550 Civil Rights | Security Act | | G 890 Other Statutory Actions |
| | G 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- G 1 Original Proceeding
- ☒ 2 Removed from State Court
- G 3 Remanded from Appellate Court
- G 4 Reinstated or Reopened
- G 5 Transferred from another district (specify)
- G 6 Multidistrict Litigation
- G 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1441

## VII. REQUESTED IN COMPLAINT:

G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: G Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions):

None    JUDGE    DOCKET NUMBER

DATE    December 3, 2001    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Court*

State Court County: _____Warren_____

Case number and caption:

| | | | |
|---|---|---|---|
| _01-CV-58848_ | CARL OEDER & SONS<br>SAND & GRAVEL CO. | vs | UNION TOWNSHIP, et al. |
| Case Number | Plaintiff(s) | | Defendant(s) |

---

Jury Demand Made in State Court:  ☐ Yes  ☒ No

If "Yes," by which party and on what Date:

_____  _____
Party                                            Date

---

Were there parties not served prior to removal?  ☐ Yes  ☒ No

Were there parties dismissed/terminated prior to removal?  ☐ Yes  ☒ No

Were there answers filed in State Court?  ☐ Yes  ☒ No

Is there a pending TRO in State Court?  ☐ Yes  ☒ No

---

*If you have answered "yes" to any of the above please list parties not served, the parties dismissed/terminated and the parties that filed their answers on the reverse of this page.*

*On the reverse of this page please list all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address and phone number, including area code.*

---

Are copies of all state case pleadings attached to your removal?  ☒ Yes  ☐ No

If your answer is "No", when will they be filed: _____

List the parties that are removing the case:
UNION TOWNSHIP
285 East Pike Street
South Lebanon, Ohio  45065

-1-

| Parties Not Served | Parties Dismissed | Answers Filed |
|---|---|---|
| *I.E. Defendant John Doe* | *I.E. Defendant John Doe* | *I.E. Defendant John Doe* |

| Party and Type | Attorney(s) |
|---|---|
| *I.E.   Plaintiff John Doe* | *I.E.   Attorney(s) Name*<br>*Firm*<br>*Address*<br>*City, State, Zip*<br>*Telephone and Fax Number*<br>*Supreme Court Number* |
| CARL OEDER & SONS SAND & GRAVEL CO.,<br>A DIVISION OF OEDER & SONS GARAGE INC.<br>3980 Turtlecreek Road<br>Lebanon, Ohio   45036<br>Plaintiff | Brian P. Barger (0018908)<br>Jack J. Brady (0010146)<br>Patricia J. Kleeberger (0070068)<br>BRADY, COYLE & SCHMIDT, LLP<br>4052 Holland Sylvania Road<br>Toledo, Ohio   43623<br>TEL: (419) 885-3000<br>FAX: (419) 885-1120 |
| UNION TOWNSHIP<br>285 East Pike Street<br>South Lebanon, Ohio   45065<br>Defendant | Patrick K. Dunphy (0017827)<br>FALKE & DUNPHY LLC<br>30 Wyoming Street<br>Dayton, Ohio   45409<br>TEL: (937) 222-3000<br>FAX: (937) 222-1414 |

USE A SEPARATE SHEET OF PAPER IF NECESSARY