IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CARL OEDER & SONS SAND & GRAVEL CO., A DIVISION OF OEDER & SONS GARAGE INC., | : | CASE NO. C-1-01-826 |
| | : | (Judge Susan J. Dlott) |
| Plaintiff, | : | **PRELIMINARY INJUNCTION HEARING MEMORANDUM OF DEFENDANT UNION TOWNSHIP.** |
| vs. | : | |
| UNION TOWNSHIP, et al., | : | |
| Defendants. | : | |

The matter is before the Court for a hearing on Plaintiff's *Application for a Preliminary Injunction*. In that *Application* Plaintiff seeks an order granting a preliminary injunction against Union Township prohibiting it from enforcing Union Township Resolution 112000-01 enacted on November 20, 2000 which prohibits vehicles weighing over 20,000 lbs from using Snook Road, Dry Run Road or Lebanon Road. Plaintiff's assertion with respect to the validity of the Resolution in Plaintiff's *Application* is limited to state law. Plaintiff asserts therein that under Ohio law "the Union Township Board of Trustees had no authority to adopt" the Resolution. In so doing Plaintiff relies upon the decision of the Ohio Supreme Court in *Geauga County Board of Commissioners v.*

1

*Munn Road Sand and Gravel*, 67 Ohio St.3d 579, 621 N.E.2d 696 (1993), which held that R.C. 4511.07 is not an express grant of authority to a board of county commissioners to regulate traffic. *Munn* does not support Plaintiff's assertion. *Munn* involved the question of the authority of a county to regulate traffic, not the authority of an Ohio township to control the weight of vehicles on township roads as a part of its carrying out the statutory duty to maintain and control roads within the township. Furthermore, *Munn* addressed the issue of whether a particular statute, R.C. 4511.07, granted authority to regulate traffic, not the broader issue of whether such authority was otherwise granted by the state.

A board of township trustees, being a creature of statute, see R.C. 505.01, has only such powers are expressly granted or necessarily implied from the statutory grant. *Yorkavitz v. Bd. of Township Trustees*, 166 Ohio St. 349, 142 N.E. 2d 655 (1957); *Trustees of New London Township v. Miner*, 26 Ohio St. 452 (1875). It is therefore necessary to examine the powers of township trustees regarding township roads to ascertain the existence of such an implied power. Whether the authority of a board of township trustees to maintain and control township roads includes the authority to regulate the weight of vehicles on a township road requires an examination of R.C. 5571.02 which provides, in relevant part, that, "[t]he board of township trustees shall have control of the township roads of its township and shall keep them in good repair."[1] Since the term "control" in R.C. 5571.02 is not statutorily defined, the rules of statutory construction may be used to interpret the term. See *Caldwell v. State*, 115 Ohio St. 458, 154 N.E. 792 (1926). Inasmuch as the use of the term "control" in R.C. 5571.02 is ambiguous, other provisions on related subjects may be read in *pari materia*, or together and harmoniously, to give full effect to the statutory language. *Bobb v.*

---

[1] R.C. 5535.01(C), further provides, in relevant part, that "[t]he board of trustees shall maintain all such roads within its township".

2

*Marchant*, 14 Ohio St. 3d 1, 469 N.E.2d 847 (1984). R.C. 5571.02 lacks any provision that expressly limits or gives guidance on the extent and methods of control. Other statutory provisions, however, grant specific authority to perform acts which appear to be included within the power to control township roads. For example, see R.C. 505.26 (township may construct bridges and viaducts over streets, railroads and other places where necessary); R.C. Chapter 515 (township may light roads); R.C. 4511.07(I)(township may regulate use of streets); R.C. 4511.21(K) (township may set speed limits for unimproved highways); R.C. 5571.01 (trustees have sole discretion whether to construct and improve township roads). While the examples of permitted control in Revised Code sections other than R.C. 5571.02 are numerous, they are not necessarily exclusive. Where statutory provisions coexist on the same subject, one containing a general grant of power, and another containing a narrower grant of power that enumerates specific permitted acts, the enumeration in the second statute is not exclusive and does not limit the first, absent a contrary indication by statute. See *Springer v. Philipine Islands*, 277 U.S. 189 (1928). Since the examples of control in Revised Code sections other than R.C. 5571.02 are not exclusive and R.C. 5571.02 does not contain prescribed methods by which "control" is to be exercised, the legislative intent is that it be exercised in a reasonable manner. See generally, *Jewett v. Valley Railway Co.*, 34 Ohio St. 601 (1878). To be reasonable, the means adopted must be suitable to the ends in view, must be impartial in operation, must have a real and substantial relation to the purpose and must not unduly interfere with private rights. *Froelich v. City of Cleveland*, 99 Ohio St. 376, 124 N.E. 212 (1919); see also *Cincinnati Motor Transportation Ass'n v. City of Lincoln Heights*, 25 Ohio St. 2d 203, 267 N.E.2d 797 (1971). Because the objective of the "control" required by R.C. 5571.02 is the keeping open of township roads for the safe travel of the public, any exercise of control by the township trustees must

be examined in light of this goal.

The Union Township Board of Trustees considered it, among other reasons, necessary to impose the weight restriction to prevent excessive damage to the road due to the travel of heavy trucks. If the travel of heavy trucks would cause excessive damage to the road the imposition of weight restrictions is a proper exercise of the duty under R.C. 5571.02 to control and maintain township roads and keep them safe for public travel.[2]

Respectfully submitted,

Patrick K. Dunphy (0017827)
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio 45409
(937) 222-3000
Trial Attorney for Defendant Union Township

---

[2] This analysis is consistent with the following cases from the local Ohio appellate district: (1) the statutory obligation to keep township roads maintained and in good repair are mandatory duties that may be commanded by writ of mandamus, *Clements v. Monreo Twp.*, 117 Ohio App.3d 1, 689 N.E.2d 976 (Ohio App. 12 Dist. 1996); and (2) a township has a duty to erect a stop sign on a township road where it intersected with a state route, *Richardson v. Mason*, 93 Ohio App.3d 175, 638 N.E.2d 102 (Ohio App. 12 Dist. 1994).

4

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon the parties by HAND DELIVERY, this 20TH day of DECEMBER, 2001, as follows:

>Brian P. Barger, Esq.
>Jack J. Brady, Esq.
>Patricia J. Kleeberger, Esq.
>BRADY, COYLE & SCHMIDT, LLP
>4052 Holland Sylvania Road
>Toledo, Ohio 43623
>Trial Attorneys for Plaintiffs

_____
PATRICK K. DUNPHY