IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


FILED
JAN 3 2002
Kenneth J. Murphy, Clerk
CINCINNATI, OHIO

Carol Oeder & Sons Sand & Gravel Co. :
:     Case No. C-1-01-826
         Plaintiff             :
:     District Judge Susan J. Dlott
v.                              :
:     ORDER GRANTING
Union Township & Thomas Arris   :     PLAINTIFF'S MOTION FOR A
:     PRELIMINARY INJUNCTION
         Defendants             :

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction, which was pending when the action was removed to this Court. For the following reasons, the Court **GRANTS** the Plaintiff's Motion (Doc. #1).

I. **BACKGROUND**

On November 20, 2000, Union Township adopted Resolution 112000-01, which states the following: "BE IT RESOLVED by the Board of Trustees of Union Township, Warren, County, Ohio, to prohibit vehicles weighing over 20,000 lbs from using Snook Road, Dry Run Road or Lebanon Road according to section 4511.07I." This prohibition makes it difficult for Plaintiff Carl Oeder & Sons Sand & Gravel Company ("Oeder") to transport gravel from its mining operation to its processing plant; its trucks must follow a more circuitous route than would otherwise be necessary. Oeder filed suit against Defendants Union Township and Thomas Arris on November 16, 2001, in state court and sought a preliminary injunction there. The action was removed to this Court on December 3, 2001. On December 13, 2001, the Court dismissed without prejudice the

Plaintiff's claims against Defendant Thomas Arris. The Court conducted a hearing on the Plaintiff's Motion for Preliminary Injunction on December 20, 2001.

## II. PRELIMINARY INJUNCTION STANDARD

Federal Rule of Civil Procedure 65(a) authorizes the Court to issue preliminary injunctions. In considering whether injunctive relief is appropriate, the Court must consider "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." Southwest Williamson County Cmty. Assoc., Inc. v. Slater, 243 F.3d 270, 277 (6th Cir. 2001) (citation omitted).

## III. ANALYSIS

Oeder has a very strong likelihood of success on the merits. "[T]he townships of Ohio have no inherent or constitutionally granted police power.... Whatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute." Board of Township Trs. v. Funtime, Inc., 563 N.E.2d 717, 719 (Ohio 1990) (quoting Yorkavitz v. Board of Trs., 142 N.E.2d 655, 656 (Ohio 1957)). The question, then, is which statute specifically grants townships the power to prohibit vehicles over a certain weight from using particular roads. Resolution 112000-01 explicitly relied on Ohio Revised Code § 4511.07(I). The Ohio Supreme Court, however, has held that § 4511.07(I) is not an affirmative grant of power. See Geauga County Bd. of Comm'rs v. Munn Road Sand & Gravel, 621 N.E.2d 696 (Ohio 1993). At the hearing on this Motion, counsel for Union Township suggested that Ohio Revised Code § 5571.02, which provides that the "board of township trustees shall have control of the township roads of its township and shall keep them in good repair,"

2

impliedly grants townships the authority to adopt resolutions like the one challenged here. This argument fails because townships derive power only from express, not implied, statutory grants.[1]

Absent a preliminary injunction, Oeder will suffer irreparable injury. Its losses from having to travel the circuitous route are not the sort of injury that is susceptible of easy calculation. Issuing a preliminary injunction will not cause substantial harm to any third parties. Finally, whether issuance of a preliminary injunction will serve the public interest is a close question. The township has legitimate concerns that permitting heavy vehicles to travel on Snook Road, Dry Run Road, or Lebanon Road will increase both the risk of accidents and the physical degradation of those roads. At the same time, the public benefits when courts restrain governments from exercising powers that are beyond their authority, and this is true from the perspectives of both liberty and disciplining the political process.

### IV. CONCLUSION

Weighing all four factors together, the Court concludes that Oeder is entitled to a preliminary injunction. Therefore, the Court hereby **GRANTS** Plaintiff's Motion for Preliminary Injunction (Doc. #1) and **ENJOINS** Defendant Union Township and all those acting jointly, in concert with, or pursuant to instructions therefrom, from enforcing Resolution 112000-01. The bond is waived.

IT IS SO ORDERED.

*Susan J. Dlott*
Susan J. Dlott
United States District Judge

---

[1] There is a distinct argument that a particular statutory grant of authority necessarily implies authority to do other things not specifically enumerated in the statutory grant. A township, however, certainly may keep roads in good repair without prohibiting the passage of heavy vehicles thereon. Thus, the Court finds any such argument from necessary implication unpersuasive in this context.