02 MAY 17 AM 10: 32

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (at Cincinnati)

| | | |
|---|---|---|
| **Carl Oeder & Sons Sand & Gravel Co.,** A Division of Oeder & Sons Garage **Incorporated** | * | Case No. C-1-01-826 |
| | * | Judge Susan J. Dlott |
| and | * | **PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND OTHER DAMAGES** |
| **Timothy Browning,** | * | |
| Plaintiffs, | * | |
| vs. | * | |
| **Union Township** | * | |
| Defendant. | * | |

Now come Plaintiffs, Carl Oeder & Sons Sand & Gravel Co., a Division of Oeder & Sons Garage Incorporated, and Timothy Browning, by and through their attorneys, the law offices of Brady, Coyle & Schmidt, LLP, and for their Amended Complaint for Declaratory Judgment, Injunctive Relief, and Other Damages state as follows:

## JURISDICTION

1. Defendant in this action invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1441, removal jurisdiction, on the basis that this Court has original jurisdiction over the instant case pursuant to 28 U.S.C. § 1331, federal question jurisdiction.

2. Plaintiffs' Amended Complaint seeks a declaratory judgment, pursuant to R.C. 2721.01 *et seq.* of the Ohio Revised Code and/or 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring that Union Township Resolution No. 112000-01 is unconstitutional, invalid, unenforceable, preempted by federal statute, or otherwise defective. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs also seek a preliminary injunction prohibiting enforcement of the Resolution until such declaratory judgment is issued and a permanent injunction effectuating the relief upon its issuance; and Plaintiffs seek money damages due to the enforcement of Resolution No. 112000-01 against Plaintiffs.

## PARTIES

3. Carl E. Oeder & Sons Sand & Gravel Co. (hereinafter "Oeder") is a division of Oeder & Sons Garage Incorporated, an Ohio corporation, with its principle place of business at 3980 Turtlecreek Road, Lebanon, Ohio 45036, Warren County, Ohio. Oeder is engaged in the business of mining and processing sand and gravel for construction purposes (hereinafter collectively referred to as "construction materials").

4. Timothy Browing is a resident of the State of Ohio and is a truck driver employed by Oeder.

5. Defendant Union Township (hereinafter the "Township") is a political subdivision in Warren County, Ohio which is authorized by Title 5 of the Ohio Revised Code. The Township is not

a limited home rule township as defined by Chapter 504 of the Ohio Revised Code.

## COMMON FACTUAL ALLEGATIONS

6. As part of its business, Plaintiff Oeder transports raw aggregate material mined from its sand and gravel pit known as "Miami View Estates, Inc." (hereinafter "Miami View"), which is located in Union Township, to its processing plant located at 3980 Turtlecreek Road, Lebanon, Ohio (hereinafter the "Processing Plant" or the "Plant").

7. The Processing Plant is located partially within the corporate limits of South Lebanon, Warren County, Ohio and partially in adjoining Union Township, also in Warren County, Ohio.

8. The Plant processes raw aggregates into saleable construction products.

9. Transportation of material and product from Miami View to the Processing Plant is conducted via trucks which fall within the weight prohibitions established by the Resolution.

10. The Resolution states in its entirety:

> BE IT RESOLVED by the Board of Trustees of Union Township, Warren County, Ohio, to prohibit vehicles weighing over 20,000 lbs from using Snook Road, Dry Run Road, or Lebanon Road according to section 4511.07I (*sic*)

(A certified copy of the Resolution is attached hereto and incorporated herein as "Exhibit 1.")

11. In order to transport the raw aggregate material to the Processing Plant in an economical manner, Oeder's trucks must travel on Snook Road, Dry Run Road, or Lebanon Road (herein after the "Prohibited Roads").

12. Plaintiff Timothy Browning is the owner of a truck which falls within the size and weight prohibitions set forth in the Resolution. The size and weight of Mr. Browning's truck is otherwise compliant with Ohio law and Department of Transportation Regulations. Mr. Browning's truck is used to transport raw aggregates from Miami View to the Processing Plant.

3

13. Timothy Browning, in his work as a truck driver, must drive through Union Township, Ohio to transport raw aggregate material from Miami View to the Processing Plant in an economical manner.

14. Defendant Union Township was and is at all times material to this action acting under color of the Resolution in accordance with Title 42 of the United States Code, Section 1983.

15. Enforcement of the Resolution constitutes a deprivation of the rights, privileges and immunities secured by the Constitution and laws of the United States as to Plaintiffs.

16. Enforcement of the Resolution constitutes a deprivation of the rights, privileges and immunities secured by the Constitution and laws of the State of Ohio as to Plaintiffs.

17. Plaintiffs have been damaged by the Resolution in that the Resolution requires Plaintiffs to travel over the course of a year, over 100,000 miles out of their way to and from the Miami View location, which has resulted in the loss of business opportunities and competitive business endeavors and increased costs to Plaintiffs in their business operations. Accordingly, the Resolution has caused Plaintiffs economic harm and has denied Plaintiffs equal protection under the law, the right to unrestricted commerce, their federal right not to be regulated, and their liberty interest in unrestricted travel.

18. Enforcement of the Resolution places Plaintiffs at risk.

## COUNT I
### (Declaratory Judgment: Equal Protection)

19. Plaintiffs restate the allegations set forth in paragraphs 1 through 18 as though fully restated herein.

20. The Resolution violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it sets out impermissible classifications.

21. The Resolution violates the Equal Protection Clause of Section 2 of Article I of the Ohio Constitution in that it sets out impermissible classifications.

22. Plaintiffs contend that there exits an actual controversy set forth in this cause between the parties. The Plaintiffs have no adequate remedy at law and request the court to issue a declaratory judgment declaring the Resolution unconstitutional as it violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Ohio Constitution, Article I, Section 2.

## COUNT II
### (Declaratory Judgment: Due Process)

23. Plaintiffs restate the allegations set forth in paragraphs 1 through 22 as though fully restated herein.

24. Resolution 112000-01 violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that Union Township has no authority to enact such legislation pursuant to Section 4511.01(I) of the Ohio Revised Code.

25. Union Township's action in adopting the Resolution is arbitrary, capricious and unlawful, and therefore violates Plaintiffs' right to due process.

26. The Resolution violates the Due Process Clause of Section 1 of Article I of the Ohio Constitution in that it deprives Plaintiffs of their substantive liberty interest in being able to freely travel and engage in commerce.

27. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and requests this Court issue a declaratory judgment declaring the Resolution unconstitutional as it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution at Article I,

Section 1.

## COUNT III
### (Declaratory Judgment: Commerce Clause)

28. Plaintiffs restate the allegations set forth in paragraphs 1 through 27 as though fully restated herein.

29. The Resolution violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution, in that it imposes an undue burden on and discriminates against such commerce.

30. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request this Court issue a declaratory judgment declaring the Resoltuion unconstitutional as it violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution.

## COUNT IV
### (Declaratory Judgment: Unreasonable and Improper Regulation)

31. Plaintiffs restate the allegations set forth in paragraphs 1 through 30 as though fully restated herein.

32. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and requests this Court issue a declaratory judgment declaring the Resolution to be illegal, improper, and invalid, that it is an abuse of the powers of Defendant and that the Township has exceeded the authority granted to it by the Ohio General Assembly.

## COUNT V
### (Injunctive Relief)

33. Plaintiffs restate the allegations set forth in paragraphs 1 through 32 as though fully

restated herein.

34. Because Plaintiffs have no adequate remedy at law, Plaintiffs are requesting that this Court preliminarily enjoin enforcement of Resolution No. 112000-01 until such declaratory judgment is issued, a permanent injunction to effectuate such relief upon its issuance, and money damages in an amount which is undetermined at the present time, but is expected to exceed fifty thousand dollars ($50,000).

## COUNT VI
### (§1983 Action)

35. Plaintiffs restate the allegations set forth in paragraphs 1 through 34 as though fully restated herein.

36. Defendant is acting under color of law in administering and enforcing Resolution No. 112000-01.

37. Defendant's conduct deprives Plaintiffs of their civil liberties in violation of 42 U.S.C. § 1983.

38. As a result of Defendant's conduct, Plaintiffs have been damaged thereby.

## COUNT VII
### (Violation of Due Process: Declaratory Judgment)

39. Plaintiffs restate the allegations set forth in paragraphs 1 through 38 as though fully restated herein.

40. While acting under color of law, Union Township enacted Resolution No. 112000-01 with knowledge and intent that such legislation would prohibit Plaintiffs from using certain roads and that the use of these roads were necessary for the economical utilization of the Miami View plant and the Processing Plant. In doing so, Union Township violated Plaintiffs' right to due process of law

when depriving Plaintiffs of their fundamental rights.

41. Pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, Plaintiffs are entitled to a declaration that Resolution No. 112000-01 is unconstitutional, and therefore null and void. In addition, Plaintiff is entitled to an injunction prohibiting enforcement of Union Township Resolution No. 112000-01.

## COUNT VIII
### (Taking of Property Without Just Compensation)

42. Plaintiffs restate the allegations set forth in paragraphs 1 through 41 as though fully restated herein.

43. The Resolution violates the Takings Clause of the Fifth Amendment of the United States Constitution, applicable to the state of Ohio through the Fourteenth Amendment, in that the Resolution deprives Plaintiffs of the economic viable use of their property.

44. Resolution No. 112000-01 denies Plaintiffs the use of certain roads necessary for the economical transportation of material from the Miami View plant. As a result, a taking has occurred which requires just compensation to Plaintiffs under the Fifth and Fourteenth Amendments of the United States Constitution.

45. Plaintiff Oeder obtained an interest in Miami View with the sole purpose of mining minerals below its surface. At the time Plaintiff Oeder began mining materials at the Miami View plant, Plaintiffs were afforded the unrestricted use of the streets and roads in Union Township and Warren County. These facts were known to officials of Union Township and Warren County at the time of the zoning process.

46. The Resolution prohibits Plaintiffs from transporting material over the streets and roads in Union Township and Warren County if the vehicles weigh over 20,000 pounds.

8

47. The passing of Resolution No. 112000-01, taken under color of state law, has deprived Plaintiffs of the economically viable use of their property, and further, destroyed Plaintiff Oeder's investment backed expectations for the Miami View property.

48. No common or state law principles exist which would preclude Plaintiffs from utilizing their property and the public roads surrounding the property.

49. Ohio law does not provide an adequate procedure for a landowner such as Plaintiffs to determine whether a taking has occurred, and the compensation that Union Township is required to pay Plaintiffs for the "taking."

50. Pursuant to the Fifth and Fourteenth Amendments of the U. S. Constitution, Oeder & Sons is entitled to a declaration that Union Township's action in passing and enforcing Resolution No. 112000-01 constituted a regulatory taking of Plaintiffs' property without just compensation in violation of the Takings Clause of the United States Constitution. In addition, Plaintiffs are entitled to a monetary award of just compensation in an amount to be proven at trial.

## COUNT IX
### (Legal Fees and Expense Under 42 U.S.C. § 1988)

51. Plaintiffs restate the allegations set forth in paragraphs 1 through 50 as though fully restated herein.

52. Section 1988 of Title 42 of the United States Code provides that a prevailing party in a suit brought pursuant to 42 U.S.C. § 1983 is entitled to an award of "reasonable attorney's fee as part of the costs" of the litigation.

53. Accordingly, insofar as Plaintiffs prevail in their claims based on 42 U.S.C. § 1983 against Union Township, Plaintiffs are entitled to an award of its reasonable attorney's fees expended in vindicating their constitutional rights.

## COUNT X
### (Declaratory Judgment: Violation of the Interstate Commerce Commission Termination Act)

54. Plaintiffs restate the allegations set forth in paragraphs 1 through 53 as though fully restated herein.

55. The Resolution is preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), as codified at 49 U.S.C. § 14501, and improperly regulates the price, route, or service of Plaintiffs' right to transport property.

56. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request that this Court issue a declaratory judgment declaring that Resolution No. 112000-01 is preempted by the ICCTA and that Resolution No. 112000-01 improperly regulates the price, route, or service of Plaintiffs' right to transport property.

**WHEREFORE**, Plaintiffs request judgment against Defendant Union Township in the following manner:

(A) A declaration that Resolution No. 112000-01 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Ohio Constitution, Article I, Section 2; and

(B) A declaration that Resolution No. 112000-01 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 1; and

(C) A declaration that Resolution No. 112000-01 is unconstitutional, invalid,

unenforceable, or otherwise defective as it violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution; and

(D) A declaration that Resolution No. 112000-01 is invalid, illegal, improper and that it is an abuse of the powers of Defendant in that Union Township has exceeded the authority granted to it by the Ohio General Assembly; and

(E) A declaration that the passing and enforcing of Resolution No. 112000-01 constituted a "taking" of Plaintiffs' property interest without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution; and

(F) An award of money damages in an amount to be determined at trial as just compensation for the regulatory taking of Plaintiffs' property; and

(G) A declaration that Resolution 112000-01 is preempted by the ICCTA, as codified at 49 U.S.C. § 14501, and improperly regulates the price, route, or service of Plaintiffs' right to transport property; and

(H) An award of Plaintiff's damages, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988; and

(I) A preliminary and permanent injunction prohibiting enforcement of Resolution No. 112000-01; and

(J) Damages in whatever sums Plaintiffs are found to be entitled;

(K) Attorney fees and costs of suit; and

(L) Such further and additional relief as the Court deems appropriate.

Respectfully submitted,

**BRADY, COYLE & SCHMIDT, LLP**

By *Jack J Brady / by Patricia J Kleeberger*
　　Jack J. Brady (0010146)
　　Jjbrady@bcslawyers.com
　　**TRIAL ATTORNEY**

By *Brian P. Barger / by Patricia J Kleeberger*
　　Brian P. Barger (0018908)
　　Bpbarger@bcslawyers.com

By *Patricia J Kleeberger*
　　Patricia J. Kleeberger (0070068)
　　Pjkleeberger@bcslawyers.com
　　4052 Holland-Sylvania Road
　　Toledo, Ohio 43624
　　(419) 885-3000 (Phone)
　　(419) 885-1120 (Fax)

**KEATING, MUETHING & KLEKAMP, PLL**

By /s/ Thomas M. Tepe, Jr. *(per telephone consent)*
　　Daniel Donnellon (0036726)
　　ddonnellon@kmklaw.com
　　Thomas M. Tepe, Jr. (0071313)
　　ttepe@kmklaw.com
　　1400 Provident Tower
　　One East Fourth Street
　　Cincinnati, Ohio 45202
　　(513) 579-6400
　　(513) 579-6457 (Fax)

　　Attorneys for Plaintiffs Carl E. Oeder & Sons Sand & Gravel Co., A Division of Oeder & Sons Garage Incorporated, and Timothy Browning

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Plaintiffs' Amended Complaint for Declaratory Judgment, Injunctive Relief, and Other Damages* was sent this 15th day of May, 2002, via ordinary U.S. Mail, to the following:

Patrick K. Dunphy (0017827)
**TRIAL ATTORNEY**
Falke & Dunphy, LLC
30 Wyoming Street
Dayton, Ohio 45409
*Attorney for Defendant Union Township*


Courtesy Copy to:
Patrick M. Pickett (0042005)
Isaac, Brant, Ledman & Teetor, LLP
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
*Attorney for Defendant Thomas Arris,
Warren County Sheriff*

                                                */s/ Patricia J. Kleeberger*
                                                Patricia J. Kleeberger (0070068)
                                                Attorney for Plaintiffs

TRUSTEES:
RUSSELL KILBURN
JOHN LOUALLEN
LIONEL LAWHORN

CLERK
SHARON LAWHORN

# Union Township Trustees
285 EAST PIKE STREET
SOUTH LEBANON, OHIO 45065

RESOLUTION 112000-01
UNION TOWNSHIP
WARREN COUNTY, OHIO

BE IT RESOLVED by the Board of Trustees of Union Township, Warren, County, Ohio, to prohibit vehicles weighing over 20,000 lbs from using Snook Road, Dry Run Road or Lebanon Road according to section 4511.07I

Mr. Lawhorn made the motion and Mr. Louallen seconded. A roll call was taken which resulted in all "yeas".

Adopted this 20th day of November, 2000.

Signed: _____ "Yea"

_____ "Yea"

_____ "Yea"

Attest: _____ Clerk



EXHIBIT
1