

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CARL OEDER & SONS SAND & GRAVEL CO., A DIVISION OF OEDER & SONS GARAGE INC., et al. | : | CASE NO. C-1-01-826 |
| | : | (Judge Susan J. Dlott) |
| Plaintiffs, | : | **ANSWER OF DEFENDANT UNION TOWNSHIP TO PLAINTIFFS' AMENDED COMPLAINT (JURY DEMAND ENDORSED HEREON).** |
| vs. | : | |
| UNION TOWNSHIP, et al., | : | |
| Defendants. | : | |

Now comes Union Township, Defendant herein ("Answering Defendant"), by and through counsel, and for its answer to *Plaintiffs' Amended Complaint For Declaratory Judgment, Injunctive Relief, And Other Damages* ("Plaintiffs' *Amended Complaint*"), states as follows:

## FIRST DEFENSE

1. Answering Defendant admits the averments contained within paragraphs 1, 5 and 46 of Plaintiffs' *Amended Complaint*.

2. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraphs 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 34, 45 and 47 of Plaintiffs' *Amended Complaint* and therefore denies those averments.

3. Answering Defendant admits that a copy of Resolution 112000-01 is attached as Exhibit "1" to Plaintiffs' *Amended Complaint*. Answering Defendant denies the remaining averments contained within paragraph 10 of Plaintiffs' *Amended Complaint*.

1

4. Answering Defendant denies the averments contained within paragraphs 15, 16, 17, 18, 20, 21, 22, 24, 25, 26, 27, 29, 30, 32, 36, 37, 38, 40, 41, 43, 44, 48, 49, 50, 53, 55 and 56 of Plaintiffs' *Amended Complaint*.

5. Answering Defendant admits that 42 U.S.C. §1988 provides in part as follows: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. S 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. S 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. S 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. S 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." Answering Defendant denies the remaining averments contained within paragraph 52 of Plaintiffs' *Amended Complaint*.

6. Answering Defendant admits or denies the averments incorporated by reference in paragraphs 19, 23, 28, 31, 33, 35, 39, 42, 51 and 54 of Plaintiffs' *Amended Complaint* to the same extent that said averments are otherwise admitted or denied herein.

7. Answering Defendant denies each and every averment of Plaintiffs' *Amended Complaint* not specifically admitted as true herein.

## SECOND DEFENSE

8. Plaintiffs' *Amended Complaint* fails to state a claim upon which relief may be granted against Answering Defendant.

## THIRD DEFENSE

9. Plaintiffs have failed to join the necessary parties to this action pursuant to FRCP 19.

## FOURTH DEFENSE

10. Answering Defendant is immune from liability for Plaintiffs' claims.

## FIFTH DEFENSE

11. The provisions of Ohio Revised Code §2744.01 *et seq.* bar Plaintiffs' claims.

## SIXTH DEFENSE

12. The act or omission of a third party and/or third parties for which Answering

2

Defendant is not legally responsible proximately caused Plaintiffs' injury and damage.

## SEVENTH DEFENSE

13. Applicable statutes of limitation bar Plaintiffs' claims.

## EIGHTH DEFENSE

14. Plaintiffs have failed to mitigate their damage.

## NINTH DEFENSE

15. Plaintiffs have failed to exhaust administrative remedies.

## TENTH DEFENSE

16. Waiver and estoppel bar Plaintiff's claims.

## ELEVENTH DEFENSE

17. Plaintiffs lack standing and capacity to assert their claims.

## TWELFTH DEFENSE

18. At all times relevant Answering Defendant had a reasonable belief in the lawfulness of its conduct and did not act or fail to act with deliberate indifference to the rights of Plaintiffs.

## THIRTEENTH DEFENSE

19. At all times relevant herein Answering Defendant acted lawfully, properly, in good faith and with due probable and proper cause.

## FOURTEENTH DEFENSE

20. At all time relevant herein Answering Defendant acted in the good faith discharge of official and lawful duties.

**WHEREFORE**, having fully answered the *Amended Complaint*, Answering Defendant respectfully requests that Plaintiffs' *Amended Complaint* be dismissed with prejudice at Plaintiffs' costs; and requests an award of reasonable attorney fees in its favor.

Respectfully submitted,

_____
Patrick K. Dunphy (0017827)
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio 45409
(937) 222-3000
Trial Attorney for Defendant
Union Township

## JURY DEMAND

Answering Defendant demands a trial by jury on all issues so triable.

_____
PATRICK K. DUNPHY

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the parties by placing a copy in the ordinary U.S. Mail, this 24th day of JUNE, 2002, addressed as follows:

> Brian P. Barger, Esq.
> Jack J. Brady, Esq.
> Patricia J. Kleeberger. Esq.
> BRADY, COYLE & SCHMIDT, LLP
> 4052 Holland Sylvania Road
> Toledo, Ohio 43623
>
> Daniel J. Donnellon, Esq.
> Thomas M. Tepe, Jr., Esq.
> KEATING, MUETHING & KLEKAMP PPL
> 1400 Provident Tower
> One East Fourth Street
> Cincinnati, Ohio 45202
> Trial Attorneys for Plaintiffs

PATRICK K. DUNPHY