FILED
KENNETH J. MURPHY
CLERK
03 SEP -5 AM 10:01

FILED
SEP 04 2003
LEONARD GREEN, Clerk

NOT RECOMMENDED FOR PUBLICATION

No. 02-3156

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| CARL OEDER & SONS SAND & GRAVEL COMPANY, a Division of Oeder & Sons Garage, Inc., )<br><br>Plaintiff-Appellee, )<br><br>v. )<br><br>UNION TOWNSHIP et al., )<br><br>Defendants-Appellants, ) | **NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**<br>Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.<br>This notice is to be prominently displayed if this decision is reproduced.<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO<br><br>INFORMATION COPY<br>MANDATE NOT YET ISSUED<br>DIS. CT. # 01-826 |

BEFORE: DAUGHTREY and MOORE, Circuit Judges, and CALDWELL,* District Judge.

**PER CURIAM.** Defendant Union Township appeals from the district court's issuance of a preliminary injunction prohibiting the enforcement of a resolution passed by the township's Board of Trustees that banned vehicles weighing over 20,000 lbs. from using certain roads within the township. The resolution was obviously aimed at a sand and gravel operation run by plaintiff Carl Oeder & Sons, which required the transportation of raw material from the company's gavel mine to its processing plant some miles away. Oeder's trucks exceeded the weight limit when empty and, fully loaded, they regularly

---

*The Hon. Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

traveled the three roads in question prior to passage of the resolution at issue here. As a result of the resolution, Oeder had to use alternate routes and travel approximately twice the original distance to transfer raw material to the processing plant.

Oeder challenged the resolution, arguing that the township did not have legal authority to enact it. The district court, finding that Oeder had demonstrated a very strong likelihood of success on the merits, granted Oeder's request for a preliminary injunction. The court reasoned that the resolution's reliance on Ohio Revised Code § 4511.07(I) was legally insufficient to establish the express delegation of authority required by the Ohio Constitution's "home rule amendment," given that the Ohio Supreme Court has held that the statute is not an affirmative grant of power. *See Geauga County Bd. of Comm'rs v. Munn Road Sand & Gravel*, 621 N.E.2d 696 (Ohio 1993). We agree with this analysis.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting the preliminary injunction in this case. Because the reasons why the injunction should issue have been fully articulated by the district court, a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order filed January 3, 2002.